744 S.E.2d 579

**In the Matter of William Jefferson McMILLIAN, III, Respondent.**

**Appellate Case No. 2013–000936.**

**No. 27274.**

Supreme Court of South Carolina.

Submitted May 28, 2013.

Decided June 26, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, SC, for Office of Disciplinary Counsel.

William Jefferson McMillian, III, of Goose Creek, SC, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent and have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of any period of definite suspension not to exceed three (3) years. He requests that the suspension be imposed retroactively to February 22, 2013, the date of his interim suspension. *In the Matter of McMillian,* 402 S.C. 251, 742 S.E.2d 2 (S.C.Sup.Ct.Order dated February 22, 2013) (Shearouse Adv. Sh. No. 10 at 79). Respondent further agrees to complete the Legal Ethics and Practice Program Ethics School within one (1) year of reinstatement. We accept the Agreement and definitely suspend respondent from the practice of law in this state for three (3) years, retroactive to the date of his interim suspension. Further, respondent shall complete the Legal Ethics and Practice Program Ethics School within one (1) year of reinstatement. The facts, as set forth in the Agreement, are as follows.

### Facts

On March 11, 2013, respondent pled guilty to one (1) count of breach of trust with fraudulent intent, $2,000.00 or less. The conviction arises from respondent's use of his power of attorney to pay personal obligations from his father's checking account. The guilty plea resulted in a fine in the amount of $2,130.00 and court costs, which has been paid.

### Law

Respondent admits that by his conduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:

Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of a crime of moral turpitude or a serious crime).

### Conclusion

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law in this state for three (3) years, retroactive to the date of his interim suspension. In addition, respondent shall complete the Legal Ethics and Practice Program Ethics School within one (1) year of reinstatement. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY KITTREDGE and HEARN, JJ., concur.